# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION

| | | |
|---|---|---|
| 5Star Life Insurance Co. and Armed Forces Benefit Association, | ) ) ) | Civil Action No. _____ |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **VERIFIED COMPLAINT FOR** |
| | ) | **INTERPLEADER** |
| R.D., a minor child; C.D., a minor child; the Children of April Barlow Family Trust; William Barlow in his individual capacity; William Barlow as Personal Representative of the Estate of April Barlow; William Barlow as Trustee of the Children of April Barlow Family Trust; William Barlow as guardian of C.D. and R.D.; Robert Drobinski in his individual capacity; and Robert Drobinski as guardian of C.D. and R.D. | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

      5Star Life Insurance Company ("5Star") and the Armed Forces Benefit Association

("AFBA") (collectively, "Insurer"), by and through their undersigned attorneys, Nelson Mullins

Riley & Scarborough, LLP, hereby file this Verified Complaint for Interpleader against

Defendants R.D., a minor child; C.D., a minor child; the Children of April Barlow Family Trust;

William Barlow in  his individual capacity; William Barlow as Personal Representative of the

Estate of April Barlow; William Barlow as Trustee for the Children of April Barlow Family Trust;

William Barlow as guardian of C.D. and R.D.; Robert Drobinski ("Robert") in his individual

capacity; Robert Drobinski as guardian of C.D. and R.D. (the foregoing are collectively the

"Claimants") and as grounds in support thereof, state as follows:

## PARTIES

1.      5Star is a Nebraska corporation with its principal place of business in Alexandria, Virginia, that is authorized to do business in the State of North Carolina.

2.      AFBA is a not-for-profit voluntary membership association formed in the District of Columbia.

3.      Insured April Barlow ("Decedent") resided in Catawba County, North Carolina, at the time of her death. Following her death, a probate estate was opened for Decedent in Catawba County, North Carolina.

4.      Claimant C.D., a minor child, upon information and belief, is a citizen of the state of North Carolina and resides in Catawba County, North Carolina.

5.      Claimant R.D., a minor child, upon information and belief, is a citizen of the state of North Carolina and resides in Catawba County, North Carolina.

6.      Claimant Children of April Barlow Family Trust ("Trust") is a testamentary trust created pursuant to the laws of the State of North Carolina.

7.      Claimant William Barlow ("William"), upon information and belief, is a citizen of the state of North Carolina and resides in Catawba County, North Carolina. Further, upon information and belief, William (a) has been duly appointed as the personal representative of Decedent's Estate by the Probate Court for Catawba County North Carolina; (b) is the trustee of the Trust, a testamentary trust established pursuant to the laws of the state of North Carolina; and (c) is the guardian or de facto guardian for R.D. and C.D., who are citizens and residents of the state of North Carolina.

2

8.     Claimant Robert Drobinski ("Robert"), upon information and belief, is a citizen and resident of the state of North Carolina and resides in Caldwell County, North Carolina. Further, upon information and belief, Robert is the guardian of R.D. and C.D.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and because the matter in controversy exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

10.     This action is brought pursuant to Rule 22, Federal Rules of Civil Procedure, the interpleader rule.

11.     This Court has personal jurisdiction over all claimants because, upon information and belief, all are citizens of the state of North Carolina.

12.     Additionally, this Court has personal jurisdiction over Claimant Barlow, in all named capacities, because, upon information and belief, he has consented to jurisdiction by accepting appointment as personal representative of Decedent's Estate in Catawba County, North Carolina, and accepting appointment as trustee of the Trust, a testamentary trust created pursuant to North Carolina law in Catawba County, North Carolina.

13.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

3

## FACTUAL BACKGROUND

**I.    Decedent Held an Insurance Policy with Insurer Naming her Minor Children as Beneficiaries**

14.    On or around March 19, 2014, 5Star issued a Group Level Term Life Insurance policy ending in 0059 for which Decedent was the named insured ("Policy").

15.    The Policy provides $200,000 in death benefits.

16.    Decedent named two joint beneficiaries for the Policy, minor children C.D. and R.D.

**II.    Decedent Created a Testamentary Trust for the Policy Beneficiaries**

17.    Decedent executed a last will and testament ("Will") on or about October 21, 2019.

18.    Decedent's Will authorized the creation of the Trust and appointed William as Trustee.

19.    Pursuant to the terms of the Trust, all property left to Decedent's minor children is to be placed into the Trust until the child reach the age of 25 or receives an Associate's Degree.

20.    Pursuant to the terms of the Will, all Trust funds are to be shared equally by Decedent's surviving children.

21.    Upon information and belief, C.D. and R.D. are Decedent's only surviving children.

**III.   There is a Conflict Regarding the Guardianship of the Beneficiaries and Control of their Trust**

22.    Decedent passed away on or about October 30, 2019.

23.    Decedent's Will sought to appoint William as the guardian of C.D. and R.D.

24.    William is the stepfather of C.D. and R.D.

25.    C.D. and R.D. are, upon information and belief, the biological children of Decedent and Robert.

4

26.     Upon information and belief, despite the provision in the Will naming William as guardian, William does not currently serve as the legal guardian of C.D. or R.D. because he is not their biological father, their biological father is alive and has not terminated his parental rights, and no Court is known to have appointed William to be their legal guardian.

27.     Nevertheless, Decedent demonstrated an intention for William to be the legal guardian of C.D. and R.D. through her Will and, upon information and belief, William has been acting in loco parentis and *de facto* guardian for the C.D. and R.D. since Decedent's death.

28.     Upon information and belief, Robert may be the guardian for C.D. and R.D.

29.     Individuals purporting to represent the interests of C.D. and R.D. have advised Insurer of the possible existence of prior litigation that, if true, raise concerns about whether Robert's oversight of funds due to C.D. and R.D. would be in the best interests of the minor children.

30.     William, even if he is not the legal guardian of C.D. and R.D. may, as Trustee of the Trust, be able to exercise certain rights over Policy proceeds.

## IV. Because there is a Bona Fide Dispute Regarding the Proper Agent to Accept the Policy Proceeds on behalf of C.D. and R.D., the Insurer is Subject to Competing Claims for the Same Money

31.     C.D. and R.D., as beneficiaries of the Policy, are entitled to the Policy proceeds, plus accrued interest.

32.     Because they are minor children, however, C.D. and R.D. cannot authorize or consent to the transfer of such proceeds.

33.     Insurer has been contacted by William's representative and instructed to pay the Policy proceeds to the Trust.

5

34.     Insurer could be subject to liability if it pays the Policy proceeds to the Trust, however, because it has not received sufficient proof to establish that William is the legal guardian of Minor Children with the authority to request this distribution.

35.     Insurer could also be subject to liability, however, if it pays the Policy proceeds to the presumed legal guardian of C.D. and R.D. because such a distribution would be contrary to the Trust and because Insurer has been put on notice of potentially exacerbating factors as to the best interests of the minor children beneficiaries.

36.     Because Insurer cannot pay the Policy proceeds without potential liability, it must hold the proceeds, accruing a substantial interest liability to the beneficiaries, until the Claimants resolve their dispute over guardianship and/or control of the minor children's assets.

## FOR A FIRST CAUSE OF ACTION
### (Interpleader)

37.     Insurer hereby incorporate by references and re-alleges the allegations made in the preceding paragraphs of this Complaint, not inconsistent herewith.

38.     Insurer makes no claim on the Policy proceeds and has no interest in retaining these funds.

39.     Insurer has been and is ready, willing, and able to pay the Policy proceeds to the rightful beneficiary or beneficiaries.

40.     Insurer has not paid and/or settled the claims arising from the death of Decedent because it believes such settlement may result in a dispute regarding payment.

41.     Insurer is currently subjected and exposed to multiple claims for payment under the Policy and has acted reasonably and in good faith regarding these multiple and competing claims.

6

42. Upon information and belief, each of the Claimants claims to be the person, or may claim to be the person, entitled to receive and/or control payment of benefits provided under the policy at issue.

43. By reason of the conflicting claims, there is doubt as to which Claimant is entitled to payment.

44. Pursuant to Rules 22 and 67 of the Federal Rules of Civil Procedure, Insurer seeks and offers to pay the death benefits under the Policy in the total amount of $200,000.00 plus all accrued interest due and payable up to the date of the Court's order into an interest-bearing account with the Court.

45. Following payment of the benefits to the Court, Insurer, as well as their employees, and their affiliated companies should be dismissed from the action and discharged from any and all duties, claims, or further liability arising from the death of Decedent, the Policy, or the payment of proceeds thereunder, and Claimants should be ordered to litigate between themselves without any involvement of Insurer.

WHEREFORE, AFBA and 5Star respectfully request that the Court inquire into the matter and grant the following relief:

(a) That this civil action of interpleader be allowed;

(b) That AFBA and 5Star be permitted to deposit the disputed funds payable under the Policy, plus accrued interest due and payable up to the date of the Court's order, into the registry of the Court to be held in an interest-bearing account for ultimate distribution by order of this Court;

(c) That the various Claimants be required to interplead and settle between themselves their rights to the death benefits payable under the Policy;

(d) That the Court determine and direct that the sum or sums payable to each Claimant be disbursed as directed by the Court;

(e) That all Claimants be restrained and enjoined from commencing or prosecuting any action or suits against AFBA and 5Star relating to the Policy, the Policy proceeds, and administration of claims regarding the Policy;

(f) That upon deposit of the proceeds of the Policy in the Court, AFBA and 5Star, as well as their employees, and their affiliated companies be discharged from any and all liability to any of the aforesaid Claimants arising out of or relating in any way to the obligations under the Policy at issue;

(g) That any other party be allowed to join any additional defendant or defendants who may hereinafter be discovered to have a claim for said insurance benefits, including direct or assigned claims; and

(h) For any other and further relief as the Court deems just and proper.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: /s/David C. Dill
David C. Dill, NC Bar No. 45986
Email: david.dill@nelsonmullins.com
Greenville ONE
2 W. Washington Street, Suite 400
Greenville, South Carolina 29601
Telephone: 864.373.2224

*Counsel for Plaintiff-Insurer*

Dated: May 8, 2020